```
                  IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF ILLINOIS
                            EASTERN DIVISION


Performance Proxy Research,    )
LLC,                           )
                               )
            Plaintiff,         )
                               )
      v.                       )     09 C 6884
                               )
Microsoft Corporation,         )
                               )
            Defendant.         )
```

<u>MEMORANDUM ORDER</u>

Microsoft Corporation ("Microsoft") has filed its Answer and Counterclaim in this patent infringement action brought against it by Performance Proxy Research, LLC ("Performance"). This sua sponte memorandum order is triggered by two problematic aspects of that responsive pleading.

To begin with, Microsoft's First Defense is at odds with the concept of affirmative defenses within the scope of Fed.R.Civ.P. 8(b)(5) and the universal caselaw applying that Rule (see also App'x 5 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 279 (N.D. Ill. 2001)). That is because the First Defense is totally inconsistent with Complaint ¶¶ 3 and 7-9, which must be accepted as true for affirmative defense purposes.

Second, this Court has consistently been bemused over the years by the penchant of patent lawyers to advance counterclaims that do nothing more than mirror the allegations of patent infringement complaints. Here (as always in such cases)

Microsoft is charged with patent infringement, something that necessarily depends on the existence of a valid patent. After all, both infringement and validity must be proved by Performance to justify its recovery under the Complaint. Hence it is difficult to understand just what (other than extra paper) is added to the case by a counterclaim that seeks declarations of non-infringement and invalidity of the patent in issue.[1]

Accordingly the First Defense is stricken. This Court will leave it to Microsoft's counsel to either explain the need for the present counterclaim or to file an amended pleading to take its place.

_____
Milton I. Shadur
Senior United States District Judge

Date:    January 11, 2010

---

[1] To the extent that Microsoft seeks (as it does) an award of attorneys' fees and expenses on the premise that this action is "exceptional," that might well take the form of an affirmative defense or, if that seems inappropriate, a one- or two-paragraph counterclaim without the added mirroring of the denials already set out in the Answer.