IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PERFORMANCE PROXY RESEARCH, LLC | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 1:09-CV-06884 |
| vs. | § § | JURY TRIAL DEMANDED |
| MICROSOFT CORPORATION | § § | Hon. Judge Shadur |
| Defendant. | § § | |

## **MICROSOFT'S MOTION TO CLARIFY MEMORANDUM ORDER**

Defendant Microsoft Corporation ("Microsoft") respectfully moves for clarification of the Court's Memorandum Order dated January 11, 2010, which struck Microsoft's First Defense (Non-Infringement of the Asserted Patent) from its Original Answer and invited further explanation regarding the necessity of Microsoft's counterclaims for invalidity and non-infringement. (Dkt. 29).

Regarding the invalidity counterclaim, Microsoft has pleaded invalidity as an affirmative defense as required by the Patent Statute. 35 U.S.C. § 282. The present circumstances in this case, therefore, do not require this position to also be pleaded as a counterclaim.

However, Microsoft files this motion to address the possible necessity of its non-infringement counterclaim. Microsoft pleaded non-infringement as a defense in its Original Answer in view of *State Farm Mutual Auto Insurance Co. v. Riley*, 199 F.R.D. 276, 279 (N.D. Ill. 2001), Federal Rule of Civil Procedure 8(b)(5), and the Patent Statute, which requires that non-infringement "shall be pleaded." *See* 35 U.S.C. § 282. Additionally, Microsoft has found at least one court in this jurisdiction holding that non-infringement is a defense that must be

*affirmatively* pleaded or else is waived. *See Para Gear Equipment Co. Inc. v. Square One*, No. 04-cv-601, Order dated September 2, 2008 (Brown, J.) (attached as Exhibit A). Specifically, the *Para Gear* court granted summary judgment in favor of the plaintiff, holding that the defendant "effectively conceded" infringement because, despite its denial of the plaintiff's allegations of infringement, the defendant did not separately plead non-infringement as a defense and its pleadings did not contain a live counterclaim for non-infringement. *Id.* at 2-4 ("It is not enough merely to deny the patentee's allegations of infringement."). To avoid similarly "conceding" infringement, therefore, Microsoft not only denied Plaintiff's infringement allegations, but also pleaded non-infringement both as its First Defense and as a counterclaim.

Microsoft's aim is to sufficiently preserve (and not waive) its non-infringement defense in this case. Based on the authorities cited in this Motion, it appears that one possible way to preserve the non-infringement defense is to plead it as a counterclaim. Out of an abundance of caution, therefore, Microsoft seeks clarification from the Court on how to properly preserve the defense, and will file an amended pleading in accordance with the Court's further instructions.

Dated: January 21, 2010 Respectfully Submitted,

s/ Walter Jones, Jr.

B. Trent Webb (admitted *pro hac vice*)
Patrick A. Lujin (admitted *pro hac vice*)
Michelle L. Marriott ( *pro hac vice* filed)
Mary Jane Peal (ARDC No. 6287070)
SHOOK, HARDY & BACON LLP
2555 Grand Boulevard
Kansas City, Missouri 64108
(816) 474-6550
(816) 421-5547 Facsimile

Walter Jones, Jr. (ARDC No. 1365665)
Uma Chandrasekaran (ARDC No. 6281690)
**PUGH, JONES, JOHNSON & QUANDT, P.C.**
180 North LaSalle Street, Suite 3400
Chicago, Illinois 60601
(312) 768-7800
(312) 768-7801 Facsimile
Attorneys For Defendant Microsoft Corporation

## CERTIFICATE OF SERVICE

I, Walter Jones, Jr., an attorney, certify that I shall cause to be served a copy of **Microsoft's Motion to Clarify Memorandum Order** upon the following individual(s), by deposit in the U.S. mail box at 180 North LaSalle Street, Chicago, Illinois 60601, postage prepaid, same-day personal delivery by messenger, Federal Express overnight delivery, facsimile transmitted from (312) 768-7801, or Case Management/Electronic Case Filing System ("CMECF"), as indicated below on January 21, 2010

| | | |
|---|---|---|
| ☒ | CM/ECF | **Raymond P. Niro** |
| ☐ | Facsimile/___ Pages | **Dean D. Niro** |
| ☐ | Federal Express | **Frederick Christopher Laney** |
| ☐ | U.S. Mail | **Joseph Albert Culig** |
| ☐ | Messenger | Niro, Scavone, Haller & Niro, Ltd. |
| | | 181 West Madison Street |
| | | Suite 4600 |
| | | Chicago , IL 60602 |

    s/ Walter Jones, Jr.
Walter Jones, Jr.

Order Form (01/2005)     Case 1:04-cv-00601 Document 236 Filed 09/02/08 Page 1 of 6

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Geraldine Soat Brown | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 601 | **DATE** | 9/2/2008 |
| **CASE TITLE** | Para Gear Equipment Co. Inc. Vs. Square One, et al | | |

**DOCKET ENTRY TEXT**

For the reasons set out below, Square One Parachute's Motion for Summary Judgment on its Counterclaim [218] is granted. An interlocutory summary judgment is granted pursuant to Fed. R. Civ. P. 56(d)(2) in favor of Square One and against Para Gear Equipment Co., Inc. on Square One's counterclaim on the issue of liability for infringement only. Square One's motion to strike evidence submitted by Para Gear in opposition to Square One's motion for summary judgment [226] is stricken as moot. A status hearing is hereby set for 9/16/08 at 9:15 a.m. The parties shall be prepared to discuss the remainder of the case.

■[ For further details see text below.]         Notices mailed by Judicial staff.

## STATEMENT

Before the court is defendant-counterclaimant Square One Parachutes, Inc.'s Motion for Summary Judgment on its Counterclaim Against Plaintiff and Counterdefendant Para Gear Equipment Co., Inc. [Dkt 218.] The parties have consented to the jurisdiction of a Magistrate Judge. [Dkts 134, 135.] For the reasons set out herein, Square One's motion is granted, and an interlocutory summary judgment is granted pursuant to Fed. R. Civ. P. 56(d)(2) in favor of Square One and against Para Gear on Square One's counterclaim on the issue of liability for infringement only.

## BACKGROUND

This case has a long, hard-fought, and unusual history. In 2004, Para Gear filed this action seeking, *inter alia*, a declaratory judgment that Para Gear's Mini Captain Hook Knife did not infringe U.S. Patent No. 381,886 ("the '886 patent"), a patent held by Square One for a rescue knife. [Dkt 1.] Square One filed a counterclaim asking the court to find that Para Gear *did* infringe on that patent and seeking damages. [Dkt 5.] Square One's counterclaim was compulsory, because a counterclaim for infringement is compulsory in an action seeking a declaration of noninfringement.[1] Para Gear answered the counterclaim, denying the allegations but not asserting any affirmative defenses such as the affirmative defense of noninfringement. [Dkt 6.] In 2005, the District Judge denied Para Gear's motion for summary judgment which had argued that Square One's patent was invalid for obviousness. [Dkt 39.]

After various trial dates had been set and vacated [*see* dkts 17, 48, 58, 72, 111], the case had been reassigned to this court, and numerous motions in limine had been decided, Para Gear moved for voluntary dismissal of its complaint. (Pl.'s Mot. to Voluntarily Dismiss.) [Dkt 186.] Para Gear's short motion asked the court to order simply that "Plaintiff, Para Gear Equipment Co., Inc.'s complaint is hereby dismissed without prejudice and the parties are to bear their own costs." (*Id.* at 1.) Square One objected, arguing that any voluntary

04C601 Para Gear Equipment Co. Inc. Vs. Square One, et al     1



EXHIBIT A

## STATEMENT

dismissal without prejudice at that stage should be subject to conditions, including the payment of Square One's attorneys' fees. (Def.'s First Am. Opp'n. at 6-9.) [Dkt 191.] Para Gear orally amended its motion to request a dismissal of its complaint *with* prejudice, and that motion was granted. [Dkt 201.] That left only Square One's counterclaim pending.

Square One then filed the present motion for summary judgment on its counterclaim. Square One argues that Para Gear's failure to include any affirmative defenses in its answer to Square One's counterclaim waived any such defenses, including the defense of noninfringement, and that Para Gear has now waived the right to contest infringement. (Def.'s Mem. at 9-10.)[2] In response, Para Gear does not deny that it failed to include the affirmative defense of noninfringement (or any other affirmative defense) in its answer to the counterclaim, but argues that it preserved its right to contest infringement by denying the allegations of infringement made in the counterclaim. (Pl.'s Opp'n at 2, 7.) [Dkt 221.] Para Gear also argues that Square One's motion identifies no evidentiary facts to support its position that Para Gear infringed the '886 patent. (*Id.* at 3-7, 10-11.) Square One's argument, however, is that the dismissal of Para Gear's complaint with prejudice means that there *are* no factual disputes regarding infringement.[3]

## DISCUSSION

1. **Para Gear Waived any Affirmative Defense of Noninfringement by Failing to Plead the Defense in its Answer to the Counterclaim.**

In patent litigation, defenses, including noninfringement, must be pleaded affirmatively to avoid being waived.

> The following shall be defenses in any action involving validity or infringement of a patent and *shall be pleaded*: (1) *Noninfringement*, absence of liability for infringement or unenforceability, (2) Invalidity of the patent or any claim in suit on any ground specified in part II of this title as a condition for patentability, (3) Invalidity of the patent or any claim in suit for failure to comply with any requirement of sections 112 or 251 of this title; (4) Any other fact or act made a defense by this title.

35 U.S.C. § 282 (emphasis added).

It is not enough merely to deny the patentee's allegations of infringement. *See, e.g., Cornwall v. U.S. Constr. Mfg.*, 800 F.2d 250, 252 (Fed. Cir. 1986) (concluding that alleged infringer failed to meet affirmative defense pleading requirements of § 282 when it merely denied allegations of complaint). One commentator has explained that patent law is unique in requiring more than a denial:

> The distinction between negative defenses in the form of Rule 8(b) denials and affirmative defenses in the form of Rule 8(b) denials and affirmative defenses pursuant to Rule 8(c) normally is not difficult, for the former includes everything which controverts the plaintiff's prima facie case whereas the latter raises matters outside the case, those which are in the nature of an avoidance. It appears that there is but one exception at the present time to the general rule as thus stated, and that exception is in the field of patent litigation . . . . [T]he statute [35 U.S.C. § 282 ] will be applicable to the accused infringer whether he appears before the court as a declaratory judgment plaintiff or as a defendant, and whether he presents his position as an affirmative basis for relief or as a defense. Accordingly, he must set forth in his pleading the following defenses:

## STATEMENT

(1) Noninfringement, absence of liability for infringement, or unenforceability . . . .

Ethan Horwitz, Lester Horwitz & Lisa Hershman, *Patent Litigation: Procedure & Tactics* vol. 1, § 3.03[2][b], 3-12 (Matthew Bender 2008) (hereafter, "Horwitz, *Patent Litigation*").

Congress created this special pleading requirement for patent cases, superceding the general requirements of the Federal Rules.

When the Federal Rules became effective in 1938, they superceded prior statutes relating to the form of pleading . . . . [B]ut the need for special pleading in patent cases was restored by the Patent Act of that year [1952]. Section 282 indicates in general terms the defenses which may be raised in an action involving "the validity or infringement of a patent," and *requires that they be pleaded* . . . . While the burden it imposes on the party seeking a judgment that a patent is invalid is not severe, *its requirements must be observed.*

Horwitz, *Patent Litigation* vol. 1, § 2.02[3][b], 2-10 (emphases added).

Thus, Para Gear is simply wrong in arguing that denying Square One's allegations is sufficient.[4]

Federal Rule of Civil Procedure 8(c) requires that, "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense . . . ." Affirmative defenses not pleaded in response to a complaint can be deemed waived.

Federal Rule of Civil Procedure 8(c) requires that defendants raise all affirmative defenses that will defeat the allegations in the complaint in a responsive pleading. We have stated numerous times that if a defendant does not raise defenses at the time of filing an answer, those defenses are deemed waived . . . . We recognize that the [affirmative] defense may have been meritorious; and [the plaintiff's] counsel should have had some inkling that the defense *might* be raised . . . . But . . . if Rule 8(c) is not to become a nullity, we must not countenance attempts to invoke such defenses at the eleventh hour, without excuse and without adequate notice to the plaintiff.

*Castro v. Chicago Housing Auth.*, 360 F.3d 721, 735 (7th Cir. 2004) (citations and quotations omitted) (emphasis in original); *see also Venters v. City of Delphi*, 123 F.3d 956, 968, 969 (7th Cir. 1997) (concluding that defendants waived affirmative defense by raising it for the first time in reply in support of motion for summary judgment rather than "promptly seek[ing] the court's leave to amend [their] answer"); *Carroll v. Acme-Cleveland Corp.*, 955 F.2d 1107, 1115 (7th Cir. 1992) (affirming district court's decision to exclude evidence relating to claim that should have been raised as affirmative defense in defendant's answer).

Of course, a motion for leave to assert an untimely affirmative defense can be granted in appropriate circumstances. *See Cornwall*, 800 F.2d at 252; *Venters*, 123 F.3d at 968 (stating that a district court may choose to recognize a belatedly asserted affirmative defense so long as the record confirms that the plaintiff had adequate notice of the defense and was not deprived of the opportunity to respond). But, notably, *Para Gear has never requested leave to amend its answer to add any affirmative defenses* – not even in its responsive filings with respect to the present motion for summary judgment.

In addition to the fact that Para Gear has never requested leave to amend, any such amendment by Para Gear at this point in the litigation would be unfairly prejudicial to Square One.

Para Gear had ample opportunity to plead any affirmative defenses, including noninfringement, but never chose

## STATEMENT

to do so. Para Gear initiated this litigation by filing in this district where it conducts business. (Compl. ¶ 5.) It sued Square One, a California corporation, and Square One's president, an individual residing in California who was later dismissed as a defendant. (Compl. ¶¶ 6-7; Order, Aug. 11, 2004 [dkt 13].) By filing its lawsuit, Para Gear not only required the defendants to appear and defend in Illinois, but also compelled Square One to bring a compulsory counterclaim for infringement here in Para Gear's chosen venue. Notwithstanding § 282's requirement to plead noninfringement as an affirmative defense, Para Gear did not plead any affirmative defenses in response to Square One's counterclaim. Years of litigation followed, including Para Gear's unsuccessful motion for summary judgment. Numerous trial dates were set and vacated, and the court was in the process of deciding pretrial motions in limine when Para Gear moved to voluntarily dismiss its complaint.

Para Gear made its affirmative assertion of noninfringement pursuant to § 282 in its complaint, and, critically, by dismissing that complaint with prejudice, Para Gear voluntarily changed the relationship of the parties with respect to Para Gear's claim of noninfringement. *See, e.g., Claiborne v. Wisdom*, 414 F.3d 715, 719 (7th Cir. 2005) (stating that a voluntary dismissal with prejudice "effects a material alteration of [the plaintiff's] legal relationship with the other parties"). The effect of that dismissal with prejudice is a judgment on the merits; *Phillips v. Shannon*, 445 F.2d 460, 462 (7th Cir. 1971) (stating that a dismissal with prejudice is "a final judgment on the merits which will bar a second suit between the same parties for the same cause of action," and is "as conclusive of the rights of the parties as an adverse judgment after trial") (citations and quotations omitted); *Hallco Mfg. Co. v. Foster*, 256 F.3d 1290, 1297 (Fed. Cir. 2001) (stating that "the infringement action . . . was terminated by a dismissal with prejudice, which is a judgment on the merits."); *Zenith Elecs. Corp. v. Exzec., Inc.*, 182 F.3d 1340, 1346 (Fed. Cir. 1999) (stating that "the dismissal of the patent infringement, invalidity, and unenforceability claims with prejudice constitutes an adjudication of the claims on the merits"); *Pactiv Corp. v. Dow Chem. Co.*, 449 F.3d 1227, 1230 (Fed. Cir. 2006) (stating that "[a] dismissal with prejudice is a judgment on the merits for purposes of claim preclusion.").

Para Gear has withdrawn with prejudice its pleading of noninfringement pursuant to § 282, and in so doing, has waived any right to seek to file such a pleading. At this point, Para Gear has only its bare denial of Square One's allegations, which is not sufficient.

2. **There are No Issues of Fact because Para Gear has Effectively Conceded Square One's Counterclaim of Infringement.**

Design patent infringement is a question of fact on which the patentee has the burden of proof. *OddzOn Prods., Inc. v. Just Toys, Inc.*, 122 F.3d 1396, 1405 (Fed. Cir. 1997). Even in a declaratory judgment action where the plaintiff pleads noninfringement, the patentee-defendant still has the burden of proving infringement. *United Sweetner USA, Inc. v. Nutrasweet Co.*, 760 F. Supp. 400, 417 (D. Del. 1991). However, an accused infringer can concede infringement, making it unnecessary for the patentee to present evidence of infringement. *See, e.g., Proveris Scientific Corp. v. Innovasystems, Inc.*, --- F.3d ---, No. 2007-1428, 2008 WL 2967100, at *8 (Fed. Cir. Aug. 5, 2008) (rejecting accused infringer's argument that patentee failed to carry its burden of proof where infringer conceded infringement in a pre-trial conference); *Eisai Co. Ltd. v. Dr. Reddy's Laboratories, Ltd.*, 533 F.3d 1353, 1356 (Fed. Cir. 2008) (accused infringers conceded infringement but contested enforceability of patent). The issue now is whether by its decision to dismiss its complaint with prejudice, Para Gear has waived contesting infringement and effectively conceded Square One's allegations of infringement.

Applying the law discussed above to the unusual procedural history of this case dictates a conclusion that Para Gear has. This case was in the last stages of preparation for trial on Para Gear's complaint alleging

## STATEMENT

noninfringement as well as Square One's counterclaim alleging infringement. At that penultimate moment, Para Gear chose to walk away from its complaint. Facing the inevitability of trial on the issue of infringement, Para Gear chose to back down, *with prejudice*.

Para Gear's current argument – that Square One should still be required to prove facts demonstrating infringement – would return the case to its posture *before* Para Gear moved for voluntary dismissal of its complaint. To adopt that argument would give no legal significance to Para Gear's decision to make Square One the prevailing party on Para Gear's complaint, or to Para Gear's decision not to assert any affirmative defenses to Square One's counterclaim. Such a result would be contrary to the law discussed above regarding the legal consequences of a dismissal with prejudice, as well as the requirement of § 282 that noninfringement be specially pleaded.

The legal consequence of Para Gear's decisions is that Para Gear has effectively conceded Square One's claim of infringement. Accordingly, there are no genuine issues of material fact on the question of infringement, and Square One is entitled to summary judgment on the issue of liability.

## CONCLUSION

For the foregoing reasons, Square One's motion for summary judgment [dkt 218] is granted. Square One's motion to strike evidence submitted by Para Gear in opposition to Square One's motion for summary judgment [dkt 226] is stricken as moot.

IT IS SO ORDERED.

---

1. *See, e.g., Vivid Techs., Inc. v. American Sci. & Engr., Inc.*, 200 F.3d 795, 801-02 (Fed. Cir. 1999) (holding that "an infringement counterclaim is compulsory in an action for declaration of noninfringement.") (collecting cases); *Polymer Indus. Prods. Co. v. Bridgestone/Firestone, Inc.*, 347 F.3d 935, 937, 938 (Fed. Cir. 2003) (same); *Kim v. Sara Lee Bakery Group, Inc.*, 412 F. Supp. 2d 929, 935-37 (N.D. Ill. 2006) (same); *see also* Fed. R. Civ. P. 13(a) (requiring parties to plead a counterclaim that "arises out of the transaction or occurrence that is the subject mater of the opposing party's claim" lest the subject of the counterclaim be deemed waived or abandoned).

2. Square One makes several other arguments in support of its motion, including: (1) that Para Gear's dismissal of its declaratory judgment action with prejudice constitutes an adjudication of infringement which precludes Para Gear from now asserting a defense against infringement (Def.'s Mem. at 6, 9, 10); (2) that Para Gear's dismissal of its declaratory judgment action with prejudice created "law of the case" that bars Para Gear from asserting any defense of noninfringement (*id.* at 11-13); and (3) that Para Gear is judicially estopped from asserting any defense of noninfringement (*id.* at 13-15). Because Square One's motion for summary judgment is granted for the reasons discussed in this opinion, it is not necessary to address those additional arguments.

3. Para Gear also argues that Square One's motion should be denied for failure to comply with L.R. 56.1. (Pl.'s Opp'n at 2-3.) By citing only documents already in the court's record, Square One's motion complies with L.R. 56.1.

Case: 1:09-cv-06884 Document #: 31 Filed: 01/21/10 Page 10 of 10 PageID #:113
Case 1:04-cv-00601 Document 236 Filed 09/02/08 Page 6 of 6

4. One commentator has said that the burden of pleading noninfringement is met with either a denial of the patentee's infringement allegation or a positive assertion of noninfringement. Donald S. Chisum, *Chisum on Patents* vol. 5B, § 18.06[1][a], 18-1181 (Matthew Bender 2007) ("*Chisum on Patents*"). However, the only authority *Chisum on Patents* cites for that conclusion is the same section of Horwitz, *Patent Litigation* that is quoted in this opinion *above*. As the Federal Circuit observed, there is no case law that supports the position that a denial is sufficient, and the commentators are contrary to it. *Cornwall*, 800 F. 2d at 252 (*citing, inter alia, Patent Litigation: Procedure and Tactics* (then edited by Robert A. White, Rodney K. Caldwell and John F. Lynch)).