IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PERFORMANCE PROXY RESEARCH, LLC | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 1:09-CV-06884 |
| vs. | § § | JURY TRIAL DEMANDED |
| MICROSOFT CORPORATION | § § | Hon. Judge Shadur |
| Defendant. | § § § | |

## FIRST AMENDED ANSWER OF MICROSOFT CORPORATION

Defendant Microsoft Corporation ("Microsoft"), by and through counsel, hereby files this First Amended Answer to Plaintiff Performance Proxy Research, LLC's Complaint for Patent Infringement (Doc. No. 1), and further asserts defenses as follows:

## NATURE OF LAWSUIT

**1.      This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.  This Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. § 1331 and § 1338(a).**

**Answer:**  Microsoft admits that this action has been characterized by Plaintiff as an action for patent infringement and that this Court has subject matter jurisdiction over meritorious causes of action for patent infringement under 28 U.S.C. §§ 1331 and 1338(a), but denies that Plaintiff sets forth any meritorious cause of action.

## PARTIES

2.      PPR is an Illinois limited liability corporation with its principal place of business at 1901 N. Roselle Rd, Suite 800, Schaumburg, Illinois 60195.  PPR owns all right, title and interest in and has standing to sue for infringement of United States Patent No. 7,325,063 ("the '063 Patent") entitled "Apparatus, Method and System For Removing Ethernet Header and Adding Second IP Header."  (attached as Exhibit A).

**Answer:**  Microsoft admits that Plaintiff's Exhibit A appears to be a copy of U.S. Patent 7,325,063 ("the '063 patent").  Microsoft admits that the '063 patent, on its face, is titled "Apparatus, Method and System For Removing Ethernet Header and Adding Second IP Header." Microsoft lacks knowledge or information sufficient to form a belief about the remaining allegations set forth in Paragraph 2 of Plaintiff's Complaint.

3.      Microsoft is a Washington corporation with a principal place of business at One Microsoft Way, Redmond, Washington, 98052-6399.  Microsoft has committed acts of infringement in this judicial district and does regular business in this judicial district, including selling the products accused of infringement in this judicial district directly and through subsidiaries it controls.

**Answer:**  Microsoft admits that it is a Washington corporation, which has a principal place of business at One Microsoft Way, Redmond, Washington 98052.  Microsoft admits that it conducts business within this judicial district, but denies that it has committed any act of infringement in this judicial district or any other district.  Because Plaintiff has failed to specify "the products accused of infringement," Microsoft lacks knowledge or information sufficient to form a belief about the remaining allegations set forth in Paragraph 3 of Plaintiff's Complaint.

**4.**     As a result of the marketing, distribution and sales channels established by Microsoft in the United States and this district, the Microsoft products at issue in this case are sold for use throughout this judicial district.  Microsoft has used or permitted the Microsoft trademarks to be used within this judicial district for the promotion and sales of Microsoft's products.  On information and belief, Microsoft permits advertisements for its products to be prominently displayed and transmitted throughout this judicial district using the Microsoft trademarks and product images, including marketing and promotional materials for the specific products identified herein.  On information and belief, display and transmission of Microsoft's trademarks and advertisements include magazines, web-sites, and television advertisements available in or transmitted to this judicial district.

**Answer:**  Microsoft admits that it does market, distribute, sell, promote, and/or advertise (through magazines, websites, and/or television advertisements) certain products, including one or more of its Windows® operating system products, within this judicial district.  Because Plaintiff has failed to specify "the Microsoft products at issue in this case" or "the Microsoft trademarks" to which it is referring, however, Microsoft lacks knowledge or information sufficient to form a belief about the remaining allegations set forth in Paragraph 4 of Plaintiff's Complaint.

**5.**     Microsoft also markets services and products throughout the United States and this judicial district using its website, www.microsoft.com.

**Answer:**  Admitted.

**6.**     This Court has personal jurisdiction over Microsoft by virtue of each Microsoft's tortious acts of patent infringement, which have been committed in Illinois and in this judicial district, and by virtue of Microsoft's transaction of business in Illinois.

**Answer:**  Microsoft does not contest personal jurisdiction over it in this case and admits that it transacts business in Illinois, but denies that it has committed any tortious acts of patent infringement in this judicial district, in Illinois, or in any other state.

## ALLEGED ACTS OF PATENT INFRINGEMENT

Microsoft repeats, realleges, and incorporates by reference its responses to Paragraphs 1-6 as though fully set forth herein.

7.      **Microsoft has infringed PPR's '063 Patent through, among other activities, the manufacture, use, importation, sale and/or offer for sale of the Microsoft software products that include the feature known as the Layer Two Tunneling Protocol ("L2TP"). Microsoft has also knowingly and intentionally contributed to and/or induced others to infringe (such as its customers and end-users in this judicial district and throughout the United States) by willfully and intentionally aiding, assisting and encouraging their infringement.  Microsoft has been on actual notice of PPR's '063 Patent and its infringing activity at least since May 7, 2009.**

**Answer:**  Microsoft admits that on or about May 7, 2009, it received a letter from Raymond Niro on behalf of Plaintiff attaching the '063 patent.  Microsoft denies the remaining allegations set forth in Paragraph 7 of Plaintiff's Complaint.

8.      **Specifically, Microsoft's manufacture, use, importation, offer for sale and/or sale of products that include the L2TP feature constitutes an infringement of at least the following claims of PPR's '063 Patent: 1, 3, and 7.**

**Answer:**  Microsoft denies the allegations in Paragraph 8 of Plaintiff's Complaint.

9.      **Microsoft's infringement has injured PPR and PPR is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.**

**Answer:**  Microsoft denies the allegations in Paragraph 9 of Plaintiff's Complaint, and further denies that Plaintiff is entitled to any relief against Microsoft in connection with this action.

## VENUE

10.      **Venue is proper in this district under 28 U.S.C. §§ 1391(c)-(d) and 1400(b).**

**Answer:**  Microsoft does not contest that venue is technically proper as to it in this judicial district under 28 U.S.C. §§ 1391(c)-(d) and 1400(b), but denies that it has committed and/or induced and/or contributed to acts of patent infringement in this district.

## PRAYER FOR RELIEF

A.      **An award of damages adequate to compensate PPR for the infringement that has occurred, together with prejudgment interest from the date infringement of the PPR '063 Patent began;**

**B.**     **An award to PPR of all remedies available under 35 U.S.C. § 284;**

**C.**     **An award to PPR of all remedies available under 35 U.S.C. § 285;**

**D.**     **A permanent injunction prohibiting further infringement, inducement and contributory infringement of the PPR '063 Patent; and,**

**E.**     **Such other and further relief as this Court or a jury may deem proper and just.**

**Answer:**  Microsoft denies that Plaintiff is entitled to any relief in connection with the allegations of Plaintiff's Complaint, including, without limitation, the allegations of Paragraphs (A) through (E) of Plaintiff's Prayer for Relief.

To the extent that any allegation contained in Plaintiff's Complaint has not been specifically admitted herein, it is denied.  Microsoft further denies any allegations that may be implied by or inferred from the headings of Plaintiff's Complaint.

## PLAINTIFF'S JURY DEMAND

**11.**     **PPR demand a trial by jury on all issues so triable.**

**Answer:**  Microsoft does not contest Plaintiff's request for a jury on all issues properly triable.

## DEFENSES

As further answer and as affirmative defenses, Microsoft pleads the following:

### FIRST DEFENSE
### (Non-Infringement of the Asserted Patent)

1.     Microsoft has not directly infringed, either literally or under the doctrine of equivalents, nor contributed to infringement by others, nor actively induced others to infringe, any claim of the '063 patent for at least one or more of the following reasons.

2.     PPR has failed to identify the "products at issue in this case" or "the Microsoft software products that include the feature known as the Layer Two Tunneling Protocol

('L2TP')."  At a minimum, however, any Microsoft Windows® operating system products that include the L2TP feature do not include a "hardware interface" as required by claims 1-6 of the '063 patent, do not include a "hardware network interface" as required by claims 7-9 of the '063 patent, do not "generate a reply to an ARP packet received from the network layer" as required by claims 1-2 of the '063 patent, and do not "generate a reply to an ARP packet received from [the] IP layer" as required by claims 3-9.

2.      Further, any "network level tunneling of a packet" does not "take[ ] place . . . below said network layer but above said physical layer" as required by claims 1-3 of the '063 patent, or "below said IP layer and above said hardware interface" as required by claims 3-9 of the '063 patent.  35 U.S.C. § 271(a).

3.      Further, Microsoft has not knowingly induced infringement and possessed specific intent to encourage another's infringement of the '063 patent, as required for induced infringement under 35 U.S.C. § 271(b).

4.      Finally, Microsoft has not sold or offered to sell a component that constitutes a material part of the alleged invention of the '063 patent with the knowledge that it is "especially made or especially adapted for use in an infringement of" the '063 patent and not a staple article or commodity of commerce suitable for substantial noninfringing use, as required for contributory infringement under 35 U.S.C. § 271(c).  Thus, Microsoft is not liable for any infringement of the '063 patent.  35 U.S.C. §§ 271, 282.

## SECOND DEFENSE
### (Invalidity of the Asserted Patent)

The '063 patent is invalid for one or more of the following reasons: the alleged invention of the '063 patent is unpatentable under 35 U.S.C. §§ 101, 102 and/or 103; the '063 patent fails

to meet one or more requirements of 35 U.S.C. §§ 112; and/or the '063 patent does not otherwise meet one or more requirements of Title 35 of the United States Code.  35 U.S.C. § 282.

### THIRD DEFENSE
### (Use/Manufacture By/For United States Government)

To the extent that any accused product has been used or manufactured by or for the United States, Plaintiff's claims and demands for relief are barred by 28 U.S.C. § 1498.

Microsoft reserves the right to assert additional defenses and/or counterclaims as they become known through further investigation and discovery.

### PRAYER FOR RELIEF

WHEREFORE, Microsoft requests judgment as follows:

A.      Enter judgment in favor of Microsoft against Plaintiff;

B.      Dismiss Plaintiff's Complaint with prejudice;

C.      Declare this case to be exceptional pursuant to 35 U.S.C. § 285 and award to Microsoft its attorneys' fees and costs incurred in connection with this action; and

D.      Grant to Microsoft such other legal and equitable relief as the Court may deem proper and just.

### DEMAND FOR JURY TRIAL

Microsoft hereby demands a jury trial on all issues so triable.

Dated: February 3, 2010

Respectfully submitted,

**MICROSOFT  CORPORATION**

By:  /s/ Uma Chandrasekaran
         One of Its Attorneys

B. Trent Webb (admitted *pro hac vice*)
Patrick A. Lujin (admitted *pro hac vice*)
Michelle L. Marriott (admitted *pro hac vice*)
Mary Jane Peal (ARDC No. 6287070)
**SHOOK, HARDY & BACON LLP**
2555 Grand Boulevard
Kansas City, Missouri 64108
(816) 474-6550
(816) 421-5547 Facsimile

Walter Jones, Jr. (ARDC No. 1365665)
Uma Chandrasekaran (ARDC No. 6281690)
**PUGH, JONES, JOHNSON & QUANDT, P.C.**
180 North LaSalle Street, Suite 3400
Chicago, Illinois 60601
(312) 768-7800
(312) 768-7801 Facsimile

## <u>CERTIFICATE OF SERVICE</u>

I, Uma Chandrasekaran, an attorney, certify that I shall cause to be served a copy of **First Amended Answer of Microsoft Corporation** upon the following individual(s), by deposit in the U.S. mail box at 180 North LaSalle Street, Chicago, Illinois 60601, postage prepaid, same-day personal delivery by messenger, Federal Express overnight delivery, facsimile transmitted from (312) 768-7801, or Case Management/Electronic Case Filing System ("CMECF"), as indicated below on February 3, 2010.

| | | |
|---|---|---|
| ☒ | CM/ECF | Raymond P. Niro |
| ☐ | Facsimile/___ Pages | Dean D. Niro |
| ☐ | Federal Express | Frederick C. Laney |
| ☐ | U.S. Mail | Joseph A. Culig |
| ☐ | Messenger | NIRO, SCAVONE, HALLER & NIRO |
| | | 181 West Madison Street, Suite 4600 |
| | | Chicago, Illinois 60602 |
| | | Phone: (312) 236-0733 |
| | | Fax: (312) 236-3137 |

s/ Uma Chandrasekaran
Uma Chandrasekaran